# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-975

**Motion for:** Stay of Issuance of Mandate

**Caption [use short title]**

Lelchook, et al.

v.

Société Générale De Banque Au Liban S.A.L.

Set forth below precise, complete statement of relief sought:

Appellee requests a stay of the issuance of the mandate pursuant to Federal Rule of Appellate Procedure 41 pending disposition of a forthcoming petition for a writ of certiorari. Under Rule 41(b) of the Federal Rules of Appellate Procedure, this Court's mandate will ordinarily issue on October 23, 2025.

**MOVING PARTY:** Société Générale de Banque au Liban S.A.L.   **OPPOSING PARTY:** Plaintiffs Lelchook, et al.

☐ Plaintiff   ☐ Defendant

☐ Appellant/Petitioner   ☒ Appellee/Respondent

**MOVING ATTORNEY:** Brian J. Leske   **OPPOSING ATTORNEY:** See attached list

[name of attorney, with firm, address, phone number and e-mail]

Ashcroft Law Firm LLC, 200 State Street, 7th Flr.

Boston, MA 02109

Phone: 617-573-9400 Email: bleske@ashcroftlawfirm.com

**Court- Judge/ Agency appealed from:** United States District Court for the Eastern District of New York (Dearie, J.)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☒ Yes   ☐ No (explain):

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No

Requested return date and explanation of emergency:

Opposing counsel's position on motion:
☐ Unopposed  ☒ Opposed  ☐ Don't Know

Does opposing counsel intend to file a response:
☒ Yes  ☐ No  ☐ Don't Know

Is the oral argument on motion requested? ☐ Yes  ☒ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? ☒ Yes  ☐ No  If yes, enter date: May 17, 2022

**Signature of Moving Attorney:**
Brian J. Leske  *Digitally signed by Brian J. Leske Date: 2025.10.22 20:37:33 -04'00'*   **Date:** 10/22/2025   Service: ☒ Electronic  ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

**List of Opposing Counsel**

Robert J. Tolchin, Esq.
The Berkman Law Office, LLC
829 East 15th Street, Box 7
Brooklyn, NY 11230
Direct: 718-855-3627
rtolchin@berkmanlaw.com

Gary M. Osen, Esq.
Osen LLC
Suite 272
190 Moore Street
Hackensack, NJ 07601
Direct: 201-265-6400
gosen@osenlaw.com

Michael Radine, Esq.
Osen LLC
Suite 272
190 Moore Street
Hackensack, NJ 07601
Direct: 201-265-6400
mradine@osenlaw.com

*Attorneys for Plaintiffs-Appellants*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| ESTER LELCHOOK, ET AL., <br><br> *Plaintiffs-Appellants* <br><br> v. <br><br> SOCIÉTÉ GÉNÉRALE DE BANQUE AU LIBAN S.A.L., <br><br> *Defendant-Appellee.* | Docket No. 21-975 |

### APPELLEE'S MOTION TO STAY THE ISSUANCE OF THE MANDATE

Appellee Société Générale de Banque au Liban S.A.L. ("SGBL") respectfully requests this Court to stay the issuance of the mandate pursuant to Federal Rule of Appellate Procedure 41 pending disposition of a forthcoming petition for a writ of certiorari. A stay is warranted because the petition from this case will "present a substantial question," and "there is good cause" to preserve the *status quo* while SGBL seeks review of the important constitutional issues in this case. Fed. R. App. P. 41(d)(1). Undersigned counsel conferred with Appellants' counsel, who opposes the relief requested.

### GROUNDS FOR STAY

1. This is a successor liability case involving the alleged liability of nonparty Lebanese Canadian Bank ("LCB") under the Anti-Terrorism Act ("ATA"). Plaintiffs allege SGBL is liable (only) because it allegedly purchased all of LCB's

assets and liabilities under a Lebanese sales and purchase agreement (the "SPA") following a competitive bidding process abroad.

2. Plaintiffs do not contend SGBL is subject to personal jurisdiction in the forum (New York) because of its own contacts—SGBL has no operations, branches, or employees in the United States. Instead, Plaintiffs proceed solely on a novel—and, at the time, unrecognized—state "asset-and-liability purchase jurisdictional theory" that imputes the seller's jurisdictional status to the purchaser for the liabilities it assumed. *See* Op.9 ("Plaintiffs' theory of personal jurisdiction, like their theory of liability, depends entirely on SGBL's status as 'successor' to LCB.").

3. The district court (Dearie, J.) rejected Plaintiffs' theory, finding "SGBL's potential exposure in the wake of the SPA cannot be resolved in this action, but must await an appropriate forum consistent with applicable law and perhaps the demands of due process." *Lelchook v. SGBL*, No. 19-cv-33 (RJD) (SJB), 2021 U.S. Dist. LEXIS 206270, at *8 (E.D.N.Y. Mar. 31, 2021).

4. On appeal, this Court issued its first published opinion on April 26, 2023, certifying the unsettled state long-arm question to the New York Court of Appeals. *Lelchook v. SGBL*, 67 F.4th 69, 80 (2d Cir.), *certified question accepted*, 39 N.Y.3d 1146 (2023). The New York Court of Appeals found that fairness and public policy factors "tip in favor of allowing successor jurisdiction where a successor

purchases all assets and liabilities." *Lelchook v. SGBL*, 41 N.Y.3d 629, 638–39 (2024).

5. With the state law jurisdictional question resolved, this Court issued its second published opinion and judgment on August 11, 2025. *See* Dkt. Nos. 93 (Certified Copy) & 101 (Judgment). It found the exercise of specific jurisdiction over a foreign asset-and-liability purchaser based on the foreign seller's imputed jurisdictional contacts comports with the Due Process Clause of the Fourteenth Amendment. This Court also found the exercise of jurisdiction was proper even where the liabilities at issue were not created by Congress until many years after the asset-and-liability purchase itself.

6. SGBL filed a petition for rehearing *en banc* on September 24, 2025, Dkt. No. 107, which this Court denied on October 16, 2025. Dkt. No. 111.

7. Under Rule 41(b) of the Federal Rules of Appellate Procedure, this Court's mandate will ordinarily issue on October 23, 2025. Fed. R. App. P. 41(b).

8. This Court may stay its mandate pending the filing of a petition for certiorari upon a showing "that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. P. 41(d)(1). This case satisfies both requirements.

9. *First*, this case plainly presents important and novel constitutional questions that merit Supreme Court review. The "asset-and-liability purchase

3

personal jurisdiction theory" endorsed in this case is unprecedented and this Court's conclusion that it comports with due process is unsupported by Supreme Court precedent interpreting the Fourteenth Amendment.

10. In the eighty years since *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), the U.S. Supreme Court has \*never\* endorsed any jurisdictional theory where, as here, the relevant forum contacts are neither the defendants' *own* contacts nor third-party contacts that the defendant itself directed. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself"); *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014) (at least for purposes of specific personal jurisdiction, "a corporation can purposefully avail itself of a forum by directing its agents or distributors to take action there").

11. Where the Supreme Court has held due process allows state courts to exercise personal jurisdiction in the absence of forum contacts by a corporate defendant or its agent, it has done so only where the defendant has expressly or impliedly consented, *see Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 138 (2023) (plurality), or where "a contractual relationship" has "'envisioned continuing and wide-reaching contacts' in the forum State." *Walden*, 571 U.S. at 285 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479-80 (1985)).

12. No such authorization applies here. The Lebanese SPA does not envision any conduct *in* the forum, because LCB has no operations, branches, or employees in the United States. *Walden*, 571 U.S. at 283-84 (specific jurisdiction "depends on an 'affiliatio[n] between the forum and the underlying controversy'" (*i.e.*, an 'activity or an occurrence that takes place *in the forum* State and is therefore subject to the State's regulation'") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U. S. 915, 919 (2011)) (emphasis added). Nor did SGBL direct LCB's allegedly tortious activities. Last, the exercise of jurisdiction cannot be based upon consent because Plaintiffs did not advance that theory in this case. Op.23, n.15.

13. It also is well settled that "[d]ue process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant— not the convenience of plaintiffs or third parties." *Walden*, 571 U.S. at 284. In rejecting SGBL's argument that it should not be subject to personal jurisdiction for claims and liabilities that did not even exist at the time it entered its agreement with LCB, this Court held the Fourteenth Amendment required the *opposite*, reasoning "SGBL be allowed to invoke a putative jurisdictional barrier and avoid one set of LCB's potential liabilities" to the U.S. plaintiffs here. Op.25.

14. There is a reasonable probability that four Justices will consider the constitutional issues in this case sufficiently meritorious to grant certiorari and a fair prospect that a majority of the Court will vote to reverse the judgment below.

15. As an initial matter, in recent years, the Supreme Court has taken a keen interest in constitutional issues involving personal jurisdiction and has shown a remarkable willingness to grant certiorari in a myriad of cases, even where the question presented may have appeared narrow. *See*, *e.g.*, *Fuld v. Palestine Liberation Org.*, 606 U.S. 1 (2025); *CC/Devas (Mauritius) Ltd. v. Antrix Corp. Ltd.*, 605 U.S. 223 (2025); *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023); *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 592 U.S. 351 (2021); *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 582 U.S. 255 (2017); *Walden v. Fiore*, 571 U.S. 277, 284 (2014); *see also Daimler AG v. Bauman*, 571 U.S. 117 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U. S. 915 (2011).

16. There is *no* Supreme Court case interpreting the Due Process Clause—recent or otherwise—endorsing the theory that personal jurisdiction travels with liability. This is not surprising: such a theory is unmoored from *International Shoe*'s minimum-contact inquiry.

17. In fact, just two years ago, four Justices explicitly rejected the majority's approach to a personal jurisdiction question in *Mallory* because it "short-circuits … contacts-based jurisdiction" under *International Shoe*, lamenting "[s]uch

an approach does not formally overrule our traditional contacts-based approach to jurisdiction, but it might as well." *Mallory*, 600 U.S. at 166-67 (dissenting opinion).[1]

18. The abandonment of "contacts-based jurisdiction" (and "manufactur[ing]" of consent) in *Mallory*, for example, is equally present in this case. In a similar vein, the exercise of personal jurisdiction over a non-consenting defendant that has no forum contacts of its own based solely on a contractual assumption of a liability "finds a way around" the settled rule in *International Shoe*—an opinion and due process analysis the Justices have found to be at different times to be "canonical," "seminal," "pathmarking," and even "momentous." *Id.* at 163, 178.

19. Of course, the fair prospect of reversal is more pronounced when the theory of implied consent—adopted by the majority in *Mallory* and in other cases— is absent as a basis for the exercise of personal jurisdiction. Op.23, n.15. The prospect for reversal is further heightened by the Court's erroneous invocation of

---

[1] *Mallory* was a general jurisdiction case but the dissent's due process concern—the abandonment of a "contacts-based" approach—applies equally to specific jurisdiction. *Mallory*, 600 U.S. at 164-65. In addition, the majority in *Mallory* characterized the case "as one about consent"—a conclusion that is difficult to escape here, too, given the opinion's text and analysis, notwithstanding disclaiming and characterizing otherwise. *See, e.g.*, Op.23, n.15 (agreeing that the "rubric [of implied consent] could offer a persuasive way of understanding an express assumption of assets and unlimited liabilities"); Op.19 ("the successor's "express assumption of liability" constitutes a "deliberate undertaking"); Op.20 ("[e]ntering into the Agreement represented SGBL's choice to obtain LCB's assets and to answer for LCB's activities" and "that choice properly forms the basis for a court to impute LCB's contacts to SGBL").

7

due process to enhance a state court's ability to exercise personal jurisdiction over a foreign defendant rather than constrain it. Op.25.

20. *Second*, good cause exists for a stay of the mandate. Preserving the *status quo* while the Supreme Court considers the constitutional issues in this case will best serve the interests of orderly and fair judicial review. It will prevent forthcoming district court proceedings from altering the case's posture in a way that may potentially affect the likelihood of the Supreme Court granting certiorari, or possibly in a way that may moot SGBL's facial challenge to the court's jurisdiction altogether.

21. Finally, Plaintiffs' filed their complaint on January 2, 2019, and this Court docketed the instant appeal on April 4, 2021. Awaiting disposition of the petition for a writ of certiorari will not unduly delay disposition of this case.

For the foregoing reasons, SGBL respectfully requests this Court to stay the issuance of the mandate pending disposition of a forthcoming petition for a writ of certiorari consistent with Federal Rule of Appellate Procedure 41.

Respectfully submitted,

*/s/ Brian J. Leske*
Brian J. Leske
Michael J. Sullivan
ASHCROFT LAW FIRM LLC

200 State Street, 7th Floor
Boston, MA 02109
Phone: 617-573-9400
Email: bleske@ashcroftlawfirm.com

*Counsel for Defendant-Appellee SGBL*

# **CERTIFICATE OF COMPLIANCE**

I hereby certify this motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2) because it contains 1,735 words.

This motion also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27(d)(1) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2025 in 14-point, Times New Roman font.

Dated: October 22, 2025          Respectfully submitted,

                                       */s/Brian J. Leske*
                                       Brian J. Leske
                                       Michael J. Sullivan
                                       ASHCROFT LAW FIRM LLC
                                       200 State Street, 7th Floor
                                       Boston, MA 02109
                                       Phone: 617-573-9400
                                       Email: bleske@ashcroftlawfirm.com

                                       *Counsel for Defendant-Appellee SGBL*